**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DOMINIQUE A. WILSON,

    Petitioner,

v.                                        CASE NO: 8:13-CV-1930-T-30AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

# ORDER

THIS CAUSE comes before the Court upon Dominique A. Wilson's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (CV Dkt. #1). The Court has considered the Petition (Dkt. #1) and the State's Response (Dkt. #15) and concludes the Petition should be denied.

**Background**

Wilson brings this Petition challenging his trial-based conviction for trafficking cocaine (200-400 grams) in violation of Florida Statute 893.135(1)(b)1b. Dkt. #17, Ex. 6. The events that led to Wilson's arrest began when officers responded to a call by Wilson's girlfriend, Sophia Williams. Dkt. #17, Ex. 8, p. 187. Williams called to report an armed home invasion, with shots fired, where she and Wilson were staying. Dkt. #17, Ex. 8, p. 189.

When the officers arrived, they found Wilson in the driveway with his hands inside the trunk of a car. Dkt. #17, Ex. 8, p. 242. Wilson slammed the trunk of the car and ran behind the house as the officers approached. Dkt. #17, Ex. 8, p. 243-244. The officers were unaware if Wilson was a victim or a perpetrator at that time. Dkt. #17, Ex. 8, p. 243. The officers detained Wilson, discovered the car was owned by Williams, the complainant, and opened the trunk of the car where the contraband was found. Dkt. #17, Ex. 8, pp. 246, 249, 268. None of the officers sought consent from Williams or Wilson to search the car. Dkt. #17, Ex. 8, pp. 247-248, 261, 268.

**Procedural History**

Wilson appealed his conviction to the state appellate court and argued one point: "whether the trial court's finding of sufficient exigency and probable cause to justify the warrantless search of [Wilson]'s girlfriend's car was erroneous." Dkt. #17, Ex. 9. The state appellate court per curiam affirmed, without a written opinion. *Wilson v. State*, 59, So. 3d 1145 (Fla. 2d DCA 2011).

Wilson filed a state court motion for post-conviction relief alleging three grounds of ineffective assistance of counsel. Dkt. #17, Ex. 15. The post-conviction court denied the motion and Wilson appealed. Dkt. #17, Ex. 16. The state appellate court affirmed the denial of Wilson's motion for post-conviction relief. *Wilson v. State*, 109 So. 3d 803 (Fla. 2d DCA). Dkt. #17, Ex. 18.

Wilson now files this timely 28 U.S.C. §2254 petition for writ of habeas corpus raising one claim for relief arguing the search and seizure of evidence leading to the

Petitioner's conviction was illegally obtained in violation of his Fourth Amendment rights. Dkt. #1, p.6.

**Discussion**

The Petitioners sole claim is that his Fourth Amendment rights were violated when officers searched his girlfriend's car and found evidence leading to his arrest and conviction. The Supreme Court has stated, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Wilson has not alleged the state failed in providing him with a full and fair opportunity to litigate his Fourth Amendment claim. The Court has taken the opportunity to review the record on his behalf.

Wilson's attorney filed a motion seeking to suppress the evidence of cocaine found when the officers searched William's car. Dkt. # 17, Ex. 2. The motion contended that the evidence was illegally obtained in violation of the Fourth Amendment as the officers failed to obtain a warrant prior to searching the vehicle. Dkt. # 17, Ex. 2. A hearing was held and testimony was taken to address Wilson's motion. Dkt. # 17, Ex. 8.

The first officer testified he received a call that shots were exchanged between the suspects and the victim. Dkt. # 17, Ex. 8, p. 238. He noticed Wilson accessing the trunk of the car as he approached the house. Dkt. # 17, Ex. 8, pp. 242-243. Wilson appeared alarmed, slammed the trunk shut, and proceeded to move to the back of the house. Dkt. # 17, Ex. 8, pp. 243. He asked Wilson if he put the gun in the trunk, explaining it was okay

if he did, but he needed to know where the gun was. Dkt. # 17, Ex. 8, pp. 249. After confirming the car belonged to Williams, another officer found the keys and opened the trunk of the car where the cocaine was found. Dkt. # 17, Ex. 8, pp. 248.

The court found that the officer's actions were based on probable cause and exigent circumstances. Dkt. # 17, Ex. 8, p. 225. Additionally, since the car did not belong to Wilson, the court noted he did not have standing to challenge the search on Fourth Amendment grounds. Dkt. # 17, Ex. 8, p. 225.

**CONCLUSION**

This Court concludes that the Petitioner was given a full and fair opportunity to litigate his fourth Amendment Claim in state court. Therefore, this Petition is not cognizable here and should be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for the Respondent, terminate any pending motions, and close this case.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only

if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED on this 9th day of December, 2013, at Tampa, Florida.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2013\13-cv-1930 2254 order.docx